**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

RUBBY JAMES GRAY                                                                 PLAINTIFF

V.                                           3:08CV00154 JMM/JTR

JACK MCCANN,
Sheriff of Craighead County, et al.                                          DEFENDANTS

**ORDER**

Plaintiff, Rubby James Gray, who is currently confined in the Craighead County Detention

Facility, has filed a *pro se*[1] § 1983 Complaint. *See* docket entry #1. For the reasons set forth herein,

the Court will give Plaintiff thirty days to file an Application to Proceed *In Forma Pauperis* and an

Amended Complaint.

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

### I. Application to Proceed *In Forma Pauperis*

The filing fee for commencing a § 1983 action in federal court is $350.  However, Plaintiff

has neither paid the filing fee or filed an Application to Proceed *In Forma Pauperis*.  If Plaintiff

wishes to pursue this action, he must, within thirty days of the entry of this Order, either:  (1) pay the

$350 filing fee in full;[2] or (2) file a properly completed Application to Proceed *In Forma Pauperis,*[3]

along with a properly completed prisoner calculation sheet.[4]   In contrast, if Plaintiff does *not* wish

to proceed with this case, he should file a Motion for Voluntary Dismissal, and this case will be

dismissed, without assessment of any portion of the filing fee.

### II.  Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a

---

[2]  Any such payment should clearly indicate that it is for payment of the filing fee in *"Gray v. McCann, et al*; 3:08Cv00154 JMM/JTR."

[3]  The Prison Litigation Reform Act ("PLRA") provides that a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.  28 U.S.C. § 1915(b)(1).   The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).  Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account.  28 U.S.C. § 1915(b)(4).  **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

[4] The prisoner calculation sheet must be prepared and executed by an authorized official at the incarcerating facility. The prisoner calculation sheet will reflect the deposits and monthly balances of the prisoner's account at the facility during the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2).  Based on this information, the Court will assess an initial partial filing fee, if sufficient funds exist, and will also direct the future collection of monthly installment payments from Plaintiff's account until the filing fee is paid in full.  *Id.* § 1915(b)(1) and (2).

governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a

complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or

malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from

a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

As it now stands, portions of Plaintiff's Complaint are too vague to enable the Court to

determine whether it is frivolous or fails to state a claim for relief under § 1915A.  Accordingly,

Plaintiff is directed to file, within thirty days of the entry of this Order, an Amended Complaint that

specifies:  (1) the type of relief he is requesting; and (2) whether he is suing Defendants in their

individual and/or official capacities.[5]

### III.  Conclusion

IT IS THEREFORE ORDERED THAT:

1.      The Clerk is directed to send Plaintiff an Application to Proceed *In Forma Pauperis*

along with a prisoner calculation sheet.

2.      Plaintiff shall, **within thirty days of the entry of this Order**, either: (1) pay the $350

filing fee in full; or (2) file a properly completed Application to Proceed *In Forma Pauperis,* along

with a properly completed prisoner calculation sheet.

3.      Plaintiff shall file, **within thirty days of the entry of this Order,** an Amended

Complaint containing the information specified herein.

---

[5] The doctrine of sovereign immunity prohibits a plaintiff from obtaining monetary damages from a state defendant named in his or her official capacity. *See Larson v. Kempker*, 414 F.3d 936, 939-40 (8th Cir. 2005); *Murphy v. State of Arkansas*, 127 F.3d 750, 754-55 (8th. Cir. 1997); *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1989). However, sovereign immunity does *not* bar a plaintiff from obtaining: (1) *monetary damages* against a state defendant named in his or her *individual* capacity; or (2) *injunctive relief* (such as surgery or other medical care) against a state defendant in his or her *official* capacity. *Id.*

4.      Plaintiff is reminded (as fully explained in footnote 1 to this Order) that the failure

to timely and properly comply with any portion of this Order will  result in the dismissal of this case,

without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this 22nd day of September, 2008.

_____
UNITED STATES MAGISTRATE JUDGE