**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

RUBBY JAMES GRAY                                                                                              PLAINTIFF

V.                                              3:08CV00154 JMM/JTR

JACK MCCANN,
Sheriff of Craighead County, et al.                                                                      DEFENDANTS

**ORDER**

Plaintiff, who is currently confined at the Poinsett County Detention Center, has commenced this *pro se* § 1983 action alleging that Defendants failed to provide him with adequate medical care while he was confined at the Craighead County Detention Center. *See* docket entry #1. On May 5, 2009, the Court issued an Order directing Plaintiff to file a Response to Defendants' Motion for Summary Judgment within thirty days. *See* docket entry #47.

On May 27, 2009, Plaintiff filed a single Motion requesting: (1) an extension of time to file his Response; (2) additional copies of certain pleadings; and (3) the appointment of counsel. *See* docket entry #49. In his Motion, Plaintiff explains that he left his copy of the Court's May 5, 2009 Order at his mother's home, where he resided between his confinements at the Poinsett County and Craighead County Detention Centers. *Id.* Although it is unclear, it appears that Plaintiff may also be alleging that he no longer has a copy of Defendants' summary judgment papers. *Id.*

On June 3, 2009, Plaintiff filed a second Motion for an Extension of Time in which he states that he will have access to unspecified "information" he needs to prepare his Response when he is

returned to his "home town" for a court hearing on June 24, 2009. *See* docket entry #52. The Court finds good cause for granting Plaintiff's requests for an extension of time and for copies. Additionally, Defendants have no objections to Plaintiff's requests. *See* docket entry #52.

This case is currently scheduled to proceed to an Evidentiary Hearing/Trial on July 28, 2009. *See* docket entry #37. In light of the Court's decision to grant Plaintiff an extension of time, it will be difficult for the Court to review the parties' summary judgment papers, prepare a Recommended Disposition, and give the parties sufficient time to file any Objections thereto prior to the trial date. Thus, the Court will cancel the July 28, 2009 Evidentiary Hearing/Trial and reschedule it – if necessary – after Defendants' Motion for Summary Judgment has been ruled upon.

As for Plaintiff's request for appointment of counsel, it is well settled that a *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). However, the Court may, in its discretion, appoint counsel for a *pro se* prisoner if it is convinced that he has stated a non-frivolous claim and that "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Phillips*, 437 F.3d at 794. "These factors are 'by no means an exclusive checklist,' and the weight to be given any one factor will vary with each case." *Johnson,* 788 F.2d at 1323.

Plaintiff's claims are not legally or factually complex. Furthermore, it appears from the

record that Plaintiff is capable of presenting his claims without the benefit of appointed counsel. Under the circumstances, the Court concludes that the pertinent factors do not weigh in favor of appointment of counsel at this time.

IT IS THEREFORE ORDERED THAT:

1.     Plaintiff's Motions for an Extension of Time and for Copies (docket entries #49-1 and #52) are GRANTED.

2.     Plaintiff shall file his Response to Defendants' Motion for Summary Judgment (in accordance with the instructions set forth in the Court's May 5, 2009 Order) on or before **July 24, 2009.**

3.     The Clerk is directed to send Plaintiff copies of Defendants' Summary Judgment papers (docket entries #42, #43, and #44) and the Court's May 5, 2009 Order (docket entry #47).

4.     The July 28, 2009 Evidentiary Hearing/Trial is CANCELED, and all remaining deadlines in the January 7, 2009 Scheduling Order are VACATED.

5.     Plaintiff's Motion for Appointment of Counsel (docket entry #49-2) is DENIED.

Dated this 4th day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE